[No. 47095–2. En Banc. December 4, 1980.]

*In the Matter of the Personal Restraint of*
FERLYN HANSON, *Petitioner*.

*John Midgley* of *Institutional Legal Services,* for petitioner.

*John Panesko, Prosecuting Attorney,* for respondent.

DOLLIVER, J.—Petitioner was convicted of first degree murder on April 18, 1975, and received a life sentence with a 20–year mandatory minimum. He did not appeal. A personal restraint petition was filed with the Court of Appeals. We accepted certification. The petition alleges: (1) Petitioner did not knowingly, intelligently and voluntarily waive his constitutional right of appeal; and (2) he received ineffective assistance of counsel.

In *State v. Sweet,* 90 Wn.2d 282, 581 P.2d 579 (1978), we held the State has the burden of demonstrating the waiver of the right of appeal was voluntary, knowing and intelligent. We believe this burden has been met by the State. CrR 7.1(b) provides:

> The court shall, at the time of sentencing, unless the judgment and sentence are based on a plea of guilty, advise the defendant:
> (1) of his right to appeal;
> (2) that unless a notice of appeal is filed within 30 days after the entry of the judgment or order appealed from, the right of appeal is irrevocably waived;

(3) that the court clerk will, if requested by defendant appearing without counsel, file a notice of appeal in his behalf; and

(4) of his right, if unable to pay the costs thereof, to have counsel appointed and portions of the trial record necessary for review of assigned errors transcribed at public expense for an appeal. These proceedings shall be made a part of the record.

On the day of sentencing, the record shows the following occurred:

THE COURT: I am entering the Judgment and Sentence as prepared.

Mr. Hanson, pursuant to Rule 7.1 of the Criminal Rules for Superior Courts, you are advised of your right to appeal. You are advised that unless notice of appeal is filed within thirty days after the entry of Judgment or Order appealed from, the right of appeal is irrevocably waived. Of course, that Order has been entered here today, April 24th.

You are advised that the court clerk will, if requested by you, the defendant, appearing without counsel, file a notice of appeal in your behalf, and you are advised of your right, if unable to pay the costs thereof to have counsel appointed, and portions of the trial record necessary for review of assigned errors transcribed at public expense for an appeal.

I am reading this out loud so that this can all be made part of the record. Do you have any questions about those rights?

MR. HANSON: Did you say the appeal has been filed?

THE COURT: No, no. Once again, [1] *you have the right to appeal,* and [2] *that unless a notice of appeal is filed within thirty days* after the entry of the Judgment or Order appealed from, *the right is irrevocably waived.* The [3] *court clerk will,* if requested by the defendant, that is, you, appearing without counsel, *file a notice of appeal in your behalf.* And, . . . [4] you have a right, if unable to pay the costs thereof, to have counsel appointed and portions of the trial record for review of assigned errors transcribed at public expense for appeal.

Do you understand all that?

MR. HANSON: *Yes, I understand.*

THE COURT: All right. That will be all then, at this time.

(Italics ours.)

Not once but twice the trial court led petitioner through the requirements of CrR 7.1(b). We believe the rights of petitioner were protected and that on the face of the record petitioner made a conscious, knowing and voluntary waiver of his right to appeal. It is not necessary that the trial court inquire further into the nature of petitioner's understanding of his right of appeal when the requirements of CrR 7.1(b) are strictly followed, as they were here.

Plaintiff contends, however, that regardless of what is contained in the court record he did not waive his appeal because at the time he was under misapprehensions brought about, he claims, by his then counsel. This counsel, an experienced criminal practitioner, is now deceased.

In his affidavit, which accompanied his petition, petitioner claims: (1) petitioner's counsel told him an appeal would be "a waste of time, or just a formality, or something like that"; (2) petitioner was advised by counsel that he "would have to remain in the Lewis County Jail during the appeal. He told me the appeal could take a long time, up to several years"; (3) petitioner had been in solitary confinement for several weeks before and during the trial and he "expected to stay in solitary all during any appeal if I were forced to stay in the jail . . . I wanted to get out of solitary and out of the jail, and so decided not to appeal when I heard I would have to stay in jail during the whole appeal." Petitioner states that "Had I known the information my attorney gave me about an appeal was incorrect, I would have appealed my conviction."

In July 1976, shortly after an inquiry from petitioner's present counsel, the former counsel wrote:

At no time did I discuss with Mr. Ferlyn Hanson the taking of an appeal from his conviction, and I most certainly did not advise him that he would be confined in the county jail during the appeal time.

The comment about not discussing the taking of an appeal certainly conforms to petitioner's affidavit that he was told an appeal would be a waste of time. Having once given this advice, counsel would hardly then discuss the taking of an appeal.

The only real point of contention seems to be whether petitioner's counsel advised him he would be confined to the county jail during appeal. On this matter, we have the statement of petitioner that this is what he had been told and the letter from his experienced and knowledgable first counsel that no such advice was ever given.

In examining the record before us which includes petitioner's unequivocal statement, "Yes, I understand," before the trial judge, as well as the unequivocal statement of his experienced counsel that he did not advise that petitioner would be confined in the county jail during the appeal, we believe and hold that petitioner did voluntarily, intelligently and knowingly waive his right of appeal and that he was at all times effectively represented by his counsel.

Petition denied.

UTTER, C.J., and ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, HICKS, and WILLIAMS, JJ., concur.

Reconsideration denied December 31, 1980.