[No. 52737-7. En Banc. May 14, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. BOBBY DEAN PERKINS, *Petitioner*.

*Robert F. Peck* and *Bitar, Morgan, Peck & Bitar,* for petitioner.

*Michael G. Spencer, Prosecuting Attorney,* and *John J. Greaney, Deputy,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

This case involves whether or not the defendant in this criminal case can waive his right to appeal as part of a plea bargain.

The defendant, Bobby Dean Perkins, was charged with a number of crimes by the prosecuting attorney for Grays Harbor County. Three separate informations were filed against him. The first charged kidnapping in the second degree. The second information, on which he was tried to a jury, charged one count of statutory rape in the first degree and two counts of indecent liberties. The jury found the defendant guilty as charged by this second information. The third information charged the defendant with committing first degree robbery with a deadly weapon.

Plea negotiations between the prosecuting attorney and

defense counsel ensued. Thereupon, the defendant agreed to plead guilty to the as yet untried kidnapping and robbery charges and agreed not to appeal his rape and indecent liberties convictions (except that he did reserve the right to appeal any exceptional sentence that might be imposed on the rape and indecent liberties charges). In exchange for this, the State agreed to strike the deadly weapon allegation in the robbery charge and to make a sentencing recommendation totaling 116 months to be served *concurrently*. A written plea agreement detailing the foregoing was signed by respective counsel, as well as by the defendant personally, and was filed herein. The defendant acknowledged at the time of plea that he understood the sentencing court did not have to follow anyone's recommendation as to sentence. At a hearing thereon, the trial court accepted his change of plea.

At the later sentencing proceeding, the trial court declined to follow the prosecuting attorney's recommendation concerning length of sentence. Instead, the court imposed a term of 180 months on the rape and indecent liberties charges and a 120-month term on the kidnapping charge, the terms to run *consecutively*. The court also imposed a 116-month term in the robbery case but provided that it would run concurrently with the other sentences. These sentences were "exceptional sentences" under the Sentencing Reform Act of 1981, RCW 9.94A.

The defendant immediately requested that an appeal be taken. Thereupon new counsel was appointed for the defendant and a notice of appeal was promptly filed. In the rape and indecent liberties case, in which a trial had been held and the defendant convicted, the trial court ruled that "[t]he defendant having waived his right to appeal the trial in this cause defendant's request for verbatim report of proceedings for the trial is denied but is granted as to the sentencing."

Counsel for the defendant on appeal framed the issues to be discussed here as follows:

Is the [defendant] entitled to appeal his conviction after trial on statutory rape and indecent liberties where as a part of a later plea bargain the [defendant] waived his right of appeal[?]

If [defendant] is entitled to an appeal, then is he entitled to a Verbatim Report of Proceedings where the Trial Court has already found the [defendant] to be indigent and allowed him to proceed to appeal his exceptional sentence at public expense[?]

Brief of Appellant, at 1.

Basically one issue is presented to us, and that issue is determinative of the appeal.

## ISSUE

Is it illegal, as a matter of law, for a defendant in a criminal case to waive his or her right to appeal a conviction in exchange for the dismissal of certain charges (or parts thereof) or for a favorable sentencing recommendation by the prosecutor or both?

## DECISION

█ We answer the question posed by the foregoing issue in the negative. A defendant may waive his or her right to appeal a conviction[1] so long as the waiver is done intelligently, voluntarily and with an understanding of the consequences. Since the record in this case uncontrovertibly reflects that this was done here, we uphold the defendant's waiver of his right to appeal as a part of the plea bargain agreement.

It may be fairly said that the majority of courts which have considered the issue have held that there is nothing illegal per se about a waiver of the right to appeal.[2] As the

---

[1] "Conviction" as used herein includes a plea of guilty as well as a finding or verdict of guilty following trial. *See State v. Burnett,* 144 Wash. 598, 602–03, 258 P. 484 (1927); Black's Law Dictionary 403 (4th ed. 1951). In considering the issue of waiver of a right to appeal, the courts draw little, if any, distinction between them.

[2] *State v. Gibson,* 68 N.J. 499, 506, 348 A.2d 769, 89 A.L.R.3d 840 (1975). *See Gwin v. State,* 456 So. 2d 845, 848–49 (Ala. Crim. App. 1984); *People v. Fearing,* 110 Ill. App. 3d 643, 644–45, 442 N.E.2d 939 (1982); *Cubbage v. State,* 304 Md.

Supreme Court of New Jersey explained in a similar case:

It is obvious that a pronouncement by this court of the flat illegality under any circumstances of an agreement by a defendant to waive an appeal would operate substantially to cut down the incentive of prosecutors in many cases to offer what particular defendants and their attorneys might regard as worthwhile inducements to forego that right. Discouragement of plea negotiation to that extent does not appear to us consistent with sound judicial policy.

We do not share the view that there is an affirmative public policy to be served in fostering appeals, whether civil or criminal, such that the waiver of an appeal by a defendant is *per se* against the public interest. It has been said, to the contrary, that "[t]he settlement of litigation ranks high in our public policy." That view properly applies to criminal as well as civil litigation, particularly in this era of proliferation of criminal appeals, provided always the administration of such a settlement is fair, free from oppressiveness, and sensitive *to the interests of both the accused and the State.*

(Citation omitted.) *State v. Gibson,* 68 N.J. 499, 511, 348 A.2d 769, 89 A.L.R.3d 840 (1975). The State of Washington also recognizes a strong public interest in enforcing the terms of plea agreements voluntarily entered into by the parties.[3]

While we have not directly dealt with the precise issue before us in this case, our past decisions generally agree with the majority rule. In *State v. Majors,* 94 Wn.2d 354, 358, 616 P.2d 1237 (1980), we upheld an agreement waiving the right to appeal where the defendant "undisputably was aware of the consequences of his waiver". Then in *In re Hanson,* 94 Wn.2d 798, 620 P.2d 95 (1980), we denied the defendant's personal restraint petition where he failed to file a notice of appeal after being read his appeal rights

---

237, 246–48, 498 A.2d 632 (1985); *People v. Charles,* 171 Cal. App. 3d 552, 563, 217 Cal. Rptr. 402 (1985). *See also Staton v. Warden,* 175 Conn. 328, 334–35, 398 A.2d 1176 (1978).

[3] *State v. Tourtellotte,* 88 Wn.2d 579, 582–85, 564 P.2d 799 (1977).

from the sentencing rule (CrR 7.1(b), now CrR 7.2(b)), and replied, "Yes, I understand." In a case very similar to the one before us, the Court of Appeals in *State v. Hall,* 18 Wn. App. 844, 573 P.2d 802 (1977) held that where the defendant had knowingly waived his right to appeal as part of a plea bargain agreement, he lost the right to raise a speedy trial rule violation by personal restraint petition.

In the case before us, however, the defendant urges us to adopt the minority view that inclusion of a waiver of appeal in a plea agreement is inherent coercion against exercise of the right of appeal and should not be countenanced.[4] But as one commentator cogently points out, "[t]he reasoning of those courts which invalidate pleas conditioned on defendant's agreement to waive his appeal right seems curiously at odds with the widely accepted theoretical underpinnings of the plea bargaining system. While the right to appeal is an important right, it is no more fundamental than the right to a jury trial or the privilege against self–incrimination. Yet almost all courts have agreed that defendants can waive those rights by pleading guilty, so long as they do so knowingly and voluntarily."[5]

While there is a constitutional right of appeal in all criminal cases in this state,[6] we perceive no valid reason why that right cannot be waived the same as other constitutional rights. Thus the focus of inquiry must become whether the waiver of that right was valid and, as to this, the State bears the burden of proof.[7]

We recently analogized the waiver of the right of appeal to the requirements for the valid entry of a guilty plea,

---

[4]*See State v. Ethington,* 121 Ariz. 572, 573–74, 592 P.2d 768 (1979); *People v. Harrison,* 386 Mich. 269, 275, 191 N.W.2d 371 (1971).

[5]J. Bond, *Plea Bargaining and Guilty Pleas* § 5.14, at 5–29 (2d ed. 1983).

[6]Const. art. 1, § 22 (amend. 10); *State v. Sweet,* 90 Wn.2d 282, 286, 581 P.2d 579 (1978); *State v. Smissaert,* 103 Wn.2d 636, 643, 694 P.2d 654 (1985).

[7]*Sweet,* at 286; *Smissaert,* at 643; *In re Hanson,* 94 Wn.2d 798, 799, 620 P.2d 95 (1980).

namely, that such a waiver must be made intelligently, voluntarily and with an understanding of the consequences.[8]

Annexed as the Appendix is a transcript of that portion of the plea hearing wherein the defendant was apprised of his right of appeal, and waived the same. On the face of it, the defendant was fully and properly advised[9] and then intelligently, voluntarily and with an understanding of the consequences, expressly waived his right to appeal. It follows that the waiver was valid.

Defendant's argument that he was unaware of the consequences of his plea because he was not advised that his name would be listed in a central registry of sex offenders[10] is not well taken. The defendant was properly advised of the direct consequences of his waiver and it was unnecessary to advise him of all possible and conceivable collateral consequences.[11]

Having answered the first issue posed by the defendant in the negative, we need not reach the second issue. We do note, however, that in the plea bargain agreement the defendant reserved his right to appeal any exceptional sentence on the rape and indecent liberties charges. Such an appeal has been taken and is pending in the Court of Appeals.[12] Whether or not any additional record may be required for the defendant to fully argue that issue in that court is for the Court of Appeals to decide if the question is there raised.

Affirmed.

---

[8]*Smissaert*, at 642.

[9]*See* CrR 4.2(d); CrR 7.2(b).

[10]*See* RCW 26.44.070.

[11]*State v. Barton*, 93 Wn.2d 301, 305, 609 P.2d 1353 (1980).

[12]State v. Bobby Dean Perkins, Court of Appeals cause 9462–II.

## Appendix

[Excerpt from the Verbatim Report of Proceedings]

THE COURT: All right. . . . Now, it is my understanding that as a part of this plea bargain, Mr. Perkins is giving up the right of appeal.

[DEPUTY PROSECUTOR:] If I may address the court on that issue. At this time, I would like to bring to the court's attention that there is another cause number, 85-1-00225-6. In that cause number there was an information lodged against the defendant for statutory rape in the first degree, and two counts of indecent liberties. He was found guilty on that cause number, on December 6th, 1985, and that was by a jury. Part of the plea agreement on the two cause numbers that you have before you today is that the defendant in cause number 85-1-00225-6 will give up his right to appeal the trial or issues arising as a result of that trial, or any merits on the issues of the trial—with the exception of the sentencing Judge giving him an exceptional sentence on that case.

At this point, I would like to read to the defendant and counsel the normal and standard form which administers and gives the defendant his rights and notice of appeal. Mr. Perkins do you understand that you have the right to appeal on the sex case, the cause number of statutory rape and two indecent liberties?

[DEFENDANT:] Yes.

[DEPUTY PROSECUTOR:] . . . do you understand that by this plea agreement, you are giving up that right to appeal?

[DEFENDANT:] Yes.

[DEPUTY PROSECUTOR:] Do you understand that you would have had the opportunity to file a notice of appeal within 30 days after you were sentenced on the sex crimes in that cause number?

[DEFENDANT:] Yes.

[DEPUTY PROSECUTOR:] You are hereby giving up that right to file a notice of appeal?

[DEFENDANT:] Yes.

[DEPUTY PROSECUTOR:] And that if you had no attorney to represent you on the appeal, the court would have appointed one free of charge for you, and now you are giving up even the right to have representation on an appeal, and have one appointed free of charge. You are giving up that right also?

[DEFENDANT:] Yes.

[DEPUTY PROSECUTOR:] And that if you could not afford the costs of an appeal, that you could have the costs of that appeal, for instance the transcript and the record made up by the court, free of charge to you. That you are giving up that particular right, also?

[DEFENDANT:] Yes.

[DEFENSE COUNSEL:] May I address the court on this subject?

THE COURT: You may, [defense counsel].

[DEFENSE COUNSEL:] Part of the plea agreement is that [the defendant] agrees to waive his right to appeal with regard to the sex cases. I want to make two things crystal clear for the record:

One: That he does not waive by this agreement any right to appeal an exceptional sentence on any one of the three cause numbers.

The second thing I would like to make clear, because I do not believe it is made crystal clear in the plea agreement, is that the state has agreed as part of the plea agreement not to ask for any exceptional sentence on any of the three cause numbers.

[DEPUTY PROSECUTOR:] The state agrees and concurs with what counsel just stated.

THE COURT: All right, is there anything else?

[DEPUTY PROSECUTOR:] The defendant recognizes, however, that the sentencing Judge may go above and beyond what the state or the defense counsel recommends, and that the sentencing Judge may have the right, and does have the right if he wants to declare an exceptional sentence.

[DEFENSE COUNSEL:] That is understood.

[DEPUTY PROSECUTOR:] Does the defendant understand that for the record?

[DEFENDANT:] Yes.

PEARSON, C.J., UTTER, DOLLIVER, DORE, CALLOW, GOODLOE, and DURHAM, JJ., and CUNNINGHAM, J. Pro Tem., concur.