[No. 51102-5-I. Division One. September 15, 2003.]

JOSEPH EDDY HARVEY, *Appellant,* v. THE UNIVERSITY OF WASHINGTON, ET AL., *Respondents.*

*Kevin Keefe,* for appellant.

*John A. Rosendahl, Daniel W. Ferm,* and *Mary H. Spillane* (of *Williams Kastner & Gibbs, P.L.L.C.*), for respondents.

AGID, J. — Joseph Eddy Harvey appeals a superior court decision dismissing his motion to vacate an arbitrator's decision in a medical malpractice tort claim. He contends this court can review the arbitrator's decision because the provision waiving appeal in the parties' private trial agreement is unenforceable. Because Washington law does not prohibit a knowing waiver of the right to appeal an arbitrator's decision, we affirm the trial court.

## FACTS

In November 2000, Joseph Harvey sued Dr. Kaj Johansen and his employer, the University of Washington (UW), for medical malpractice. He claimed Johansen did not meet the standard of care when he used cryopreserved[1] veins in a simultaneous bilateral lower extremity surgery for simple

---

[1] Cryopreserved veins are veins that are harvested and frozen.

claudication.[2] In early March 2002, the parties agreed to a private trial to resolve the lawsuit. Harvey's attorney prepared a stipulation to remove the case from the trial calendar and, based upon the stipulation, the trial court signed an order dismissing the case effective July 30, 2002. The parties signed a private trial agreement, which became irrevocable and binding upon its execution and by its terms forever foreclosed Harvey from pursuing any other claims for damages arising from this medical care. The parties appointed former King County Superior Court Judge Terrence Carroll to act as fact finder and judge. The parties agreed that Harvey would bear the burden of proof and Washington evidentiary and substantive law would apply. Neither party kept a record of the proceedings. After the private trial, Judge Carroll issued his decision denying Harvey's claims in a letter dated June 27, 2002.

On July 12, 2002, UW presented an order dismissing the case with prejudice in superior court. Harvey objected to the dismissal, arguing it was not appropriate under RCW 7.04.180,[3] which gives the court jurisdiction for three months following delivery of the award to the parties. The trial court signed UW's proposed order. On July 29, 2002, Harvey filed a motion to vacate Judge Carroll's private trial decision under RCW 7.04.160(4),[4] alleging he misapplied

---

[2] Claudication is a complication, such as muscular aching or cramping, brought about by diminished blood flow through the arteries.

[3] RCW 7.04.180 states:

**Notice of motion to vacate, modify, or correct award—Stay.** Notice of a motion to vacate, modify or correct an award shall be served upon the adverse party, or his attorney, within three months after a copy of the award is delivered to the party or his attorney. Such motion shall be made in the manner prescribed by law for the service of notice of a motion in an action. For the purposes of the motion any judge who might make an order to stay the proceedings, in an action brought in the same court, may make an order to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.

[4] RCW 7.04.160 states:

**Vacation of award—Rehearing.** In any of the following cases the court shall after notice and hearing make an order vacating the award, upon the application of any party to the arbitration:

Washington law. The trial court denied Harvey's motion, and he appeals.

## ANALYSIS

 Washington law strongly favors voluntary concili- ation and settlement as a means of dispute resolution.[5] Agreements to arbitrate are valid, supported by public policy and enforceable.[6] Waiver is the voluntary and inten- tional relinquishment of a known right.[7] The dispositive issue in this case is whether a tort litigant's waiver of judicial review in a private trial agreement is enforceable.

 UW asserts we should not review the superior court ruling because Harvey knowingly and voluntarily waived his right to judicial review in the parties' private trial agreement. Harvey responds by asserting the provision in the agreement is unenforceable under *Godfrey v. Hartford Casualty Insurance Co.*,[8] *Dahl v. Parquet & Colonial Hard- wood Floor Co.*,[9] and *Barnett v. Hicks*[10] because it would conflict with the provision of chapter 7.04 RCW (Arbitration Act). We hold that these cases do not support Harvey's argument, and his waiver is valid and enforceable for two reasons.

----

. . . .

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made.

. . . .

[5] *Pickett v. Holland Am. Line-Westours, Inc.*, 145 Wn.2d 178, 190, 35 P.3d 351 (2001), *cert. denied*, 536 U.S. 941 (2002).

[6] *King County v. Boeing Co.*, 18 Wn. App. 595, 570 P.2d 713 (1977).

[7] *Rhodes v. Gould*, 19 Wn. App. 437, 576 P.2d 914, *review denied*, 90 Wn.2d 1026 (1978).

[8] 142 Wn.2d 885, 16 P.3d 617 (2001).

[9] 108 Wn. App. 403, 408, 30 P.3d 537 (2001), *review denied*, 146 Wn.2d 1004 (2002).

[10] 119 Wn.2d 151, 829 P.2d 1087 (1992).

First, the parties in this case clearly waived their right to appeal. Both parties signed the private trial agreement, and both acknowledged they consulted their attorneys and knowingly waived their right to appeal. In relevant part, the private trial agreement states:

### Private Trial Agreement

The parties and their attorneys hereby agree to submit the dispute of the matter of *Harvey v. University of Washington, et. al.,* . . . to a binding private trial subject to the provisions of this agreement.

. . . .

### *Jurisdiction*

Jurisdiction is hereby conferred upon the private trial judge by agreement of the parties and pursuant to RCW 7.04.

. . . .

### *Binding Decision*

The parties agree that the private trial judge shall decide all issues presented in the case . . . . *The private trial decision shall be binding upon the parties, and no appeal shall be permitted.* Any issues relating to any award shall be resolved by the private trial judge.

. . . .

### *Enforcement*

The decision of the judge shall be binding upon all parties and shall forever foreclose plaintiff from pursuing any and all claims for all damages against Dr. Kaj Johansen, the University of Washington, and the State of Washington . . . .

. . . .

### *Dismissal of Pending Action with Prejudice*

The parties agree that, once this document has been fully executed by the signatories below, it shall be irrevocable and binding. Ten days after receipt of the decision of the private trial judge, a Stipulation and Order of Dismissal with Prejudice will be submitted to the Superior Court and that action will be dismissed with finality.

. . . .

### Document Contains Total Agreement

It is agreed that the terms of this document represent the full and final agreement between the parties.

### Acknowledgment by the Parties

The parties represent and agree that they have read this agreement, understand its terms, and the fact that it is a binding agreement which *waives the right to a jury trial and to any appeal. The parties acknowledge that they have consulted their attorneys and knowingly waive their right to jury trial and appeal and that they enter into this stipulation without duress or coercion from any source.*

. . . .

DATE: 3/29/02 /s/ Kelly Williams, . . . University of Washington

DATE: 3/29/02 /s/ J. Eddy Harvey

DATE: 3/29/02 /s/ Kevin F. Keefe, . . . Attorney[ ] for Plaintiff

DATE: 3/29/02 /s/ John A. Rosendahl, . . . Attorney[ ] for Defendants[11]

Second, Washington law permits parties to waive rights conferred by law as long as the waiver is knowing and voluntary. There is nothing in Washington law prohibiting a party from waiving the right to appeal an arbitration award. As UW points out, if Washington law permits a litigant to contract away constitutional rights, such as his/her First Amendment rights,[12] and the rights to trial by jury and to appeal in criminal cases,[13] there is no basis on which to conclude that a litigant in a civil case cannot contract away the statutory right to judicial review of an arbitration award.

In the cases Harvey relies on—*Godfrey*,[14] *Dahl*,[15] and *Barnett*[16]—Washington courts have invalidated agreements that attempted to change the provisions of chapter

[11] (Emphasis added.)

[12] *State v. Noah*, 103 Wn. App. 29, 48-50, 9 P.3d 858 (2000), *review denied*, 143 Wn.2d 1014 (2001).

[13] *State v. Perkins*, 108 Wn.2d 212, 737 P.2d 250 (1987).

[14] 142 Wn.2d 885.

[15] 108 Wn. App. 403.

[16] 119 Wn.2d 151.

7.04 RCW. But in each of these cases, the parties attempted to exceed the limits of the Arbitration Act and/or undermine its purpose. That is not what the parties to this case did.

In *Godfrey*,[17] the parties to a tort action stipulated to a stay of superior court proceedings and agreed to privately arbitrate their claims. The arbitration agreement included the following provision:

> A decision agreed to by two of the arbitrators will be binding as to:
>
> . . . .
>
> 2. The amount of damages, *unless either party demands the right to a trial within 60 days of the arbitrator's decision.*
>
> If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.[18]

When the arbitrator found in favor of the Godfreys, defendant Metro King County Transit invoked the 60-day trial demand provision by moving to lift the stay of proceedings in the trial court. The Godfreys argued that the trial provision was void and unenforceable. The Washington Supreme Court agreed, concluding "[w]here the parties submitted all . . . liability and damages issues to the arbitrators, the provision in the . . . policy calling for a trial de novo on damages after the arbitration violates chapter 7.04 RCW, and is therefore unenforceable."[19] In reaching its decision, the court stated that because the Arbitration Act does not contemplate nonbinding arbitration, there is no such thing as trial de novo under the act and judicial review is limited by statute to vacation, modification or correction of the award.[20] The Supreme Court determined the trial demand provision in the agreement undermined the legislature's intention that arbitration be binding, final, and expeditious because it permitted parties to submit to arbi-

---

[17] 142 Wn.2d 885.

[18] *Id.* at 890.

[19] *Id.* at 900.

[20] *Id.* at 895.

tration only to see if it goes well for their position. These concerns are not present here because, unlike the trial provision in *Godfrey*, the provision waiving appeal in this case furthers, not frustrates, the goals of finality, expediency, and encouraging private settlements.

Harvey also relies on *Dahl*[21] to support his position. In *Dahl*, the losing party to an arbitration sought a trial de novo as a matter of law, arguing that the contract was invalid. The contract provided that disputes would be resolved by arbitration under the mandatory arbitration rules in chapter 7.06 RCW, while appeals of the arbitrator's decision would be resolved under the voluntary arbitration rules in chapter 7.04 RCW. We concluded that any ambiguity about which statute the parties invoked must be resolved in favor of binding arbitration. "Once parties contractually agree to binding arbitration, neither of them can say that the arbitration is not binding after all. . . . [T]hey invoke chapter 7.04 RCW in its entirety and not just the parts that are useful to them."[22] This conclusion, we said, "comports with the public policy that favors binding arbitration, which is to provide a substitute . . . to litigation and to provide a means whereby parties can achieve finality in the resolution of their disputes and avoid court congestion as well as the delays, expense and vexation of ordinary litigation."[23] In this case, the parties did not attempt to combine two different statutory authorities. Instead, they referred only to chapter 7.04 RCW and agreed that neither party would seek the appellate review of the arbitrator's decision that statute permits. As in *Dahl*, enforcing the waiver provision in this case furthers the public policy favoring binding arbitration and facilitates extrajudicial resolution of disputes. The parties in this case simply agreed to waive a right under the statute rather than limit or expand the jurisdiction of the courts. And neither the

---

[21] 108 Wn. App. 403.

[22] *Id.* at 411.

[23] *Id.*

statute nor the legislative policy behind it prohibits their agreement to waive their right to submit to it.

Harvey also relies on *Barnett*[24] There, the parties attempted to characterize an arbitration proceeding as a hearing before a referee, which would have permitted full appellate review of the decision. The Supreme Court held that the proceeding was really an arbitration and judicial review of the decision was thus limited by the language in RCW 7.04.160. Because the parties had agreed to a broader scope of judicial review, they had exceeded the limited jurisdiction the legislature had intended in enacting chapter 7.04 RCW. *Barnett* is not on point here. The parties have not agreed to broaden the scope of review under chapter 7.04 RCW; they have instead merely waived their right to review altogether. Neither *Godfrey, Dahl,* nor *Barnett* prohibits a waiver of court jurisdiction.

In sum, we conclude a provision in an arbitration agreement that knowingly and voluntarily waives the right to appellate review is enforceable, and accordingly we decline to review the arbitration award in this case.[25]

BAKER and APPELWICK, JJ., concur.

Review denied at 151 Wn.2d 1025 (2004).

---

[24] 119 Wn.2d 151.

[25] Even if we were to reach the substantive issue Harvey raises, we would be compelled by RCW 7.04.160 to limit our review to the face of the award. It reveals no error of law or other basis for overturning the award.