104 P.3d 67 (2005)
STATE of Washington, Respondent,
v.
Joshua James ERMELS, Appellant.
No. 52656-1-I.
Court of Appeals of Washington, Division 1.
January 10, 2005.
Oliver Ross Davis, Attorney at Law, Seattle, WA, for Appellant.
Nelson Kuo Hua Lee, Brian Martin McDonald, Prosecuting Attorney, Seattle, WA, for Respondent.
BECKER, J.
A trial judge gave appellant Joshua Ermels an exceptional sentence pursuant to a plea agreement in which Ermels waived his right to appeal "the basis for and propriety of the imposition of an exceptional sentence upward".[1] He now contends his sentence was unlawful under Blakely v. Washington[2] because the facts supporting it were not proved to a jury beyond a reasonable doubt. *68 Because he has neither shown that his appeal waiver was invalid, nor challenged the validity of his plea, he is not entitled to review of the exceptional sentence. We reject Ermels' additional argument that the trial court erred in using proportionality analysis to set the length of his sentence. Accordingly, we affirm.
Based on evidence that Ermels stomped and kicked the head of an unconscious assault victim, the State charged him with first degree assault. The victim later died as the result of the beating.
Ermels entered an Alford[3] plea to an amended charge of second degree manslaughter. The standard range was 21 to 27 months. In a statement attached to the plea, Ermels acknowledged that he wanted to plead guilty to second degree manslaughter "to avoid the risk of conviction at trial of assault in the first degree, an offense with a longer standard range".[4] He made the following stipulation:
I hereby knowingly, voluntarily, and intelligently agree and stipulate that there is a basis for an exceptional sentence upward with the understanding that the State will recommend an exceptional sentence of 120 months confinement (maximum term). While I agree and stipulate there is a basis for an exceptional sentence upward, I am not agreeing to the State's recommendation regarding the confinement period;
The basis for this exceptional sentence is that it is part of the settlement of this case and that by agreeing and stipulating that there is a basis for an exceptional sentence upward I am avoiding the substantial risk of conviction and sentence to a greater term of confinement. I further agree that there is sufficient evidence for the court to impose an exceptional sentence upward based on the following aggravating factor  a) I knew or reasonably should have known that the victim was particularly vulnerable because he was lying on the ground at the time that I assaulted him;
...
Pursuant to this plea agreement, I knowingly, voluntarily, and intelligently waive my right to appeal the basis for and propriety of the imposition of an exceptional sentence upward, but reserve the right to appeal the length of the sentence imposed. I understand that pursuant to this plea agreement, there is a substantial likelihood that the court will impose an exceptional sentence upward.[[5]]
The plea agreement recites that facts set forth in the certification for determination of probable cause and the prosecutor's summary "are real and material facts for purposes of this sentencing".[6]
At sentencing, the prosecutor argued it was "completely undisputed" that after seeing a man down on the ground, Ermels decided to "just stomp on his head. And that's what he did."[7] The prosecutor recommended an exceptional sentence of 120 months. Defense counsel recommended a sentence at the high end of the standard range.
Citing Ermels' stipulation, his deliberate cruelty, and the victim's particular vulnerability, the court imposed an exceptional sentence above the standard range. "Based on proportionality, and based on my review of not only the facts in this case but the facts in many other cases, the court imposes a sentence of 90 months incarceration."[8]
On appeal, Ermels claims his exceptional sentence is unlawful and must be vacated. He seeks to be resentenced within the standard range.
Ermels first contends his exceptional sentence must be vacated because Blakely renders the exceptional sentence statutes facially invalid. He also argues that even if the exceptional sentence statutes are facially valid, his sentence is still unlawful under Blakely *69 because the judge, not a jury, found the facts supporting his exceptional sentence, and did so under the wrong standard of proof.
We recently held that Blakely does not render the exceptional sentence statutes facially invalid. State v. Harris, 123 Wash.App. 906, 99 P.3d 902 (2004). We also concluded, however, that Harris was entitled to have his exceptional sentence reversed because he had not validly waived his right to have a jury find the facts supporting it. Harris had agreed to a trial on stipulated facts in exchange for the State's promise to file no additional counts. The trial judge imposed an exceptional sentence sua sponte. The State argued that Harris had waived this right when he consented to a bench trial. We applied the rule that a waiver, to be valid, must be a voluntary relinquishment of a known right. At the time Harris entered his plea, he could not have known of his right to have a jury determine aggravating factors because the Washington Supreme Court had declared in State v. Gore[9] that such a right did not exist. Because Harris did not knowingly waive his right to a jury trial on the exceptional sentence facts, his sentence was unlawful and he was entitled to have it reversed. Harris, 123 Wash.App. 906, 99 P.3d at 909.
Ermels, like Harris, was sentenced post-Gore and pre-Blakely. But Harris does not dictate the result in this case. Unlike Harris, Ermels specifically waived his right to appeal "the basis for and propriety of the imposition of an exceptional sentence upward".[10] Ermels has not attempted to challenge the validity of his appeal waiver.
Unlike the jury right at issue in Harris and Blakely, the right to appeal from a sentence has long been a known right. In a criminal case, the defendant may lawfully waive the right of appeal in exchange for reduced charges or a favorable sentencing recommendation by the State. State v. Perkins, 108 Wash.2d 212, 737 P.2d 250 (1987). Such a waiver is valid and enforceable if done intelligently, voluntarily and with an understanding of the consequences. Perkins, 108 Wash.2d at 215, 737 P.2d 250; see also State v. Cooper, 63 Wash.App. 8, 13-15, 816 P.2d 734 (1991) (where defendant agreed to consecutive sentences as part of plea agreement and did not seek to set aside his plea or claim that he did not understand what "consecutive sentences" meant, he could not challenge the exceptional sentence on appeal).
Ermels' waiver of his right to appeal the sentence was integral to the plea agreement by which he obtained the State's agreement to forgo filing a more serious charge with a longer standard range sentence. As the State points out, Ermels now seeks to obtain the benefit of his plea bargain  a second degree manslaughter conviction  without having to honor his agreement that an exceptional sentence was justified and that if one was imposed he would not challenge any aspect of it on appeal except for its length. Ermels has not explained why he should be allowed to seek relief from his exceptional sentence without having to seek to undo the plea agreement in its entirety.
The court below ascertained that Ermels had reviewed and understood the agreement containing the appeal waiver. This colloquy provides assurance that he knowingly waived his right to appeal. In the absence of any challenge to the validity of that waiver, he is precluded from seeking appellate review of the basis for, and propriety of, his exceptional sentence.
The State raises two additional defenses of Ermels' exceptional sentence against the Blakely attack. Citing State v. Tindal,[11] the State argues that a stipulation to "real facts" set forth in the certification for probable cause comes within the Blakely stipulation exception because it means that the trial court may treat the facts as proven. Citing Brady v. United States,[12] the State argues that the post-plea change in the law brought *70 about by Blakely does not retroactively render a stipulation invalid and unenforceable. Having concluded that Ermels waived his right to appeal the exceptional sentence, we do not reach these arguments.
At oral argument, Ermels pointed out that his waiver reserved the right to appeal the length of his sentence. But the arguments he makes on appeal relate to the procedures and factual findings underlying his exceptional sentence. They have nothing to do with the particular length of that sentence; therefore, they are not reserved from his waiver.
With respect to the length of his sentence, Ermels contends the trial court improperly engaged in proportionality analysis in determining its length, contrary to a rule he purports to find in State v. Solberg[13] and State v. Ritchie.[14] No such rule exists. While Solberg and Ritchie expressly disapprove of reviewing courts using proportionality analysis, neither case precludes trial courts from engaging in such analysis in determining the length of a sentence.
Affirmed.
We concur: COX, C.J., and GROSSE, J.
NOTES
[1] Clerk's Papers at 32.
[2] Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
[3] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
[4] Clerk's Papers at 26.
[5] Clerk's Papers at 31-32.
[6] Clerk's Papers at 33.
[7] Report of Proceedings, July 11, 2003 at 4.
[8] Clerk's Papers at 62.
[9] State v. Gore, 143 Wash.2d 288, 315, 21 P.3d 262 (2001).
[10] Clerk's Papers at 32.
[11] State v. Tindal, 50 Wash.App. 401, 748 P.2d 695 (1988).
[12] Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).
[13] State v. Solberg, 122 Wash.2d 688, 861 P.2d 460 (1993).
[14] State v. Ritchie, 126 Wash.2d 388, 894 P.2d 1308 (1995).