[No. 12628–8–I.   Division One.   December 5, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHNNIE
A. MAYVILLE, *Appellant.*

*William H. Nielsen,* for appellant (appointed counsel for appeal).

*C. Thomas Moser, Prosecuting Attorney,* and *Janice Ellington, Deputy,* for respondent.

ANDERSEN, C.J.—

## FACTS OF CASE

The facts are not disputed. On September 23, 1982, the defendant, Johnnie A. Mayville, was found guilty of driving while intoxicated. On September 29, 1982, he incorrectly filed a notice of appeal in the district court. Thereafter, on October 20, 1982, he properly filed a notice of appeal in the Superior Court as required by the court rules. On motion of the State, the Superior Court dismissed the appeal on the ground that the notice of appeal was not filed in Superior Court within 14 days as required by RALJ 2.5(a).

One basic issue is presented by this appeal.

## ISSUE

Did the court err in dismissing the appeal?

## DECISION

CONCLUSION. No. The appeal was not timely, therefore, the appeal was properly dismissed.

RALJ 2.4(a) provides:

> A party appealing a decision subject to these rules *must* file a notice of appeal *in the superior court* within the time provided by rule 2.5. This is the only *jurisdictional* requirement for an appeal.

(Italics ours.) RALJ 2.5(a) provides that

> *a notice of appeal must be filed in the superior court within 14 days after the date of entry of the final decision which the party filing the notice seeks to appeal.*

(Italics ours.)

Under RALJ 10.2(a), the superior court "will" on motion of a party dismiss an appeal for failure to timely file a notice of appeal.

JCrR 10.01(b) indicates that a court on good cause may extend the time requirements except that the court may not enlarge the period for taking an appeal.

The defendant in his brief argues that "[t]echnical application of the jurisdictional requirement is not appropriate under these facts." As to this, however, the rules provide:

> Cases and issues will not be determined on the basis of compliance or noncompliance with these rules, *except that a case will be dismissed without a decision on the merits for failure to timely file a notice of appeal in the superior court . . .*

(Italics ours.) RALJ 1.2(b) (part).

■ Under the foregoing rules, it is clear that the filing of a notice of appeal in the superior court within 14 days is jurisdictional and should not be extended. Even were we to assume that the jurisdictional requirements can be extended because of substantial compliance or waiver, the record is silent as to the reasons that the notice of appeal was incorrectly filed in the district court. In the absence of a showing of compelling or extraordinary circumstances, the

jurisdictional time requirements would not be extended in any event.

Affirmed.

SWANSON and WILLIAMS, JJ., concur.