[No. 14983–1–I.   Division One.   August 26, 1985.]

THE CITY OF SEATTLE, *Respondent*, v. DIANA M. BRAGGS, *Petitioner*.

*Kenneth S. Kagan* of *Seattle–King County Public Defender Association,* for petitioner.

*Douglas N. Jewett, City Attorney,* and *Terrence J. Cullen, Assistant,* for respondent.

SWANSON, J.—Diana M. Braggs, a/k/a Diane Earls, seeks review of the superior court order dismissing her RALJ appeal of a Seattle Municipal Court theft conviction. She alleges error in the dismissal of her RALJ appeal based upon the superior court's claimed lack of jurisdiction. We reverse and reinstate Braggs' RALJ appeal.

In a bench trial on September 22, 1983, Braggs was convicted of theft under Seattle Municipal Code 12A.08.060. At the October 24, 1983 sentencing hearing following a presentencing report, Braggs was represented by a different attorney from her appointed trial counsel's office because her trial counsel was on vacation. Sentence imposed was a $250 fine and a suspended 180–day jail term with probation for 1 year, subject to certain conditions.

The record indicates that at the sentencing hearing the judge did not pursuant to RALJ 2.7 advise Braggs of her right to appeal her conviction and the 14–day time period for filing an appeal notice. However, Braggs communicated to her substitute counsel her desire to appeal her conviction. Braggs' appointed appellate counsel filed the notice of appeal on November 30, 1983, 37 days after sentence was imposed. The Superior Court granted the City's motion to dismiss the superior court appeal because of the untimely filing of the appeal notice which precluded the court's obtaining jurisdiction.

The issue here is whether the Superior Court erred in dismissing Braggs' RALJ appeal because of her untimely filing of the notice of appeal where the municipal court judge did not inform Braggs of her right to appeal and the time period and method for filing the appeal notice, as required by RALJ 2.7.

RALJ 2.5(a)[1] provides that

> a notice of appeal must be filed in the superior court within 14 days after the date of entry of the final decision which the party filing the notice seeks to appeal.

RALJ 10.2 states in part:

> The superior court will, on motion of a party, dismiss an appeal of the case (1) for failure to timely file a notice of appeal . . .

Further, RALJ 1.2(b) provides in part:

> Cases and issues will not be determined on the basis of compliance or noncompliance with these rules, except that a case will be dismissed without a decision on the merits for failure to timely file a notice of appeal in the superior court . . .

■ The court in *State v. Mayville,* 36 Wn. App. 174, 175, 672 P.2d 770 (1983) held that the timely filing of the notice of appeal in the superior court "is jurisdictional and should not be extended." Noting that the record in that case was silent as to the reasons why the notice of appeal had been improperly filed in the district court, the court stated,

> In the absence of a showing of compelling or extraordinary circumstances, the jurisdictional time requirements would not be extended in any event.

*Mayville,* at 175–76. Thus the rules regarding the timely filing of the notice of an RALJ appeal appear to be mandatory.

Braggs argues, however, that since Const. art. 1, § 22 (amend. 10)[2] guarantees the right to appeal a conviction such that a voluntary, knowing and intelligent waiver of the right of appeal must be shown by the prosecutor, *State v.*

---

[1]RALJ 2.4(a) states:

"A party appealing a decision subject to these rules must file a notice of appeal in the superior court within the time provided by rule 2.5. This is the only jurisdictional requirement for an appeal."

[2]Const. art. 1, § 22 (amend. 10) provides in part: "In criminal prosecutions the accused shall have . . . the right to appeal in all cases . . ."

*Sweet,* 90 Wn.2d 282, 286, 581 P.2d 579 (1978), under the standard enunciated in *Pasco v. Mace,* 98 Wn.2d 87, 100, 653 P.2d 618 (1982), such a waiver must be shown here in a case involving a misdemeanor in violation of a municipal ordinance where no actual imprisonment was imposed. The *Pasco* court held that Const. art. 1, § 21[3] requires that a jury trial be afforded unless waived for offenses which carry a criminal stigma, particularly where a possible term of imprisonment is prescribed.

The cases thus far that have applied or cited *Sweet* have involved felony convictions so that this question has not yet been addressed by a Washington court. *See, e.g., Norris v. Wainwright,* 588 F.2d 130, 137 n.4 (5th Cir. 1979); *State v. Smissaert,* 103 Wn.2d 636, 643, 694 P.2d 654 (1985); *In re Hanson,* 94 Wn.2d 798, 799, 620 P.2d 95 (1980); *State v. Adams,* 91 Wn.2d 86, 93, 586 P.2d 1168 (1978). However, we need not reach this question, for *State v. Mayville, supra,* indicates that a showing of compelling or extraordinary circumstances will work to extend the rules' time requirements, and we find such a showing here so that the trial court erred in dismissing Braggs' RALJ appeal because of the untimely filing of the appeal notice.

RALJ 2.7 provides:

> In a criminal case, the judge of the court of limited jurisdiction shall advise the defendant of the defendant's right to appeal a final decision by filing a notice of appeal in the superior court. The judge shall also advise the defendant that the notice must be served on all other parties and filed in the superior court within 14 days after the final decision in the case, and that the notice must specify the errors claimed by the defendant. Upon request, the court shall supply the defendant with a standard form of notice of appeal.

The record here reveals that the municipal court judge did not, as required by RALJ 2.7, advise Braggs of her right to

---

[3]Const. art. 1, § 21 states in part: "The right of trial by jury shall remain inviolate . . ."

appeal her conviction and the method for initiating an appeal, including the 14–day time limit for filing the appeal notice.

The Washington constitution requires, at least in felony cases, that the prosecutor show the defendant's voluntary, knowing and intelligent waiver of the right to appeal. Such a showing is made where the defendant answers affirmatively when asked if he understood the trial court when it strictly followed former CrR 7.1(b)'s[4] requirements in advising the defendant of his appeal right, time for filing the appeal notice, and the rights of a defendant appearing without counsel to have the court clerk file an appeal notice in his behalf and of an indigent defendant to have counsel appointed and necessary portions of the trial record transcribed at public expense for an appeal. *Hanson,* at 799–801.

In a case involving a misdemeanor conviction for a violation of a municipal ordinance, as in the instant case, even if the state constitution does not require a voluntary, knowing and intelligent waiver of the right to appeal, a question that we do not decide, the right of appeal granted by a statute and court rule[5] is meaningless unless the defendant is properly informed in compliance with a court rule, as revealed by the record, of the right to appeal as well as the

---

[4]Former CrR 7.1 was amended effective July 1, 1984. Former CrR 7.1(b), "Procedure at Time of Sentencing," is now, in modified form, CrR 7.2(b).

[5]"In 1980, the Legislature enacted RCW 3.02 providing for review of proceedings in courts of limited jurisdiction." *Seattle v. Hesler,* 98 Wn.2d 73, 76, 653 P.2d 631 (1982). RCW 3.02.020 provides:

> Review of the proceedings in a court of limited jurisdiction shall be by the superior court, the procedure for which may be established by supreme court rule.

The Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ) were promulgated pursuant to RCW 3.02.020. *Hesler,* at 76–77. RALJ 2.2(a) provides in pertinent part:

> A party may appeal from a final decision of a court of limited jurisdiction to which these rules apply under rule 1.1(a) . . .

The Seattle Municipal Court is a court of limited jurisdiction to which the RALJ apply. *See* RALJ 1.1(a); *Seattle v. Filson,* 98 Wn.2d 66, 68, 653 P.2d 608 (1982).

time and method for taking an appeal.[6] *Cf. United States ex rel. Singleton v. Woods,* 440 F.2d 835, 835–36 (7th Cir. 1971) (in case involving misdemeanant sentenced to 1–year jail term, held that trial judge had constitutional duty to inform convicted indigent defendant of right of appeal); *see also United States ex rel. Smith v. McMann,* 417 F.2d 648, 654–55 (2d Cir. 1969) (in felony case held that state has constitutional duty to advise indigent convicted defendant of right to appeal), *cert. denied,* 397 U.S. 925 (1970).

The Rules for Appeal of Decisions of Courts of Limited Jurisdiction, promulgated pursuant to RCW 3.02.020, substituted a review on the record for what had previously been a trial de novo review. *Seattle v. Hesler,* 98 Wn.2d 73, 76–77, 653 P.2d 631 (1982). To ensure that a defendant's appellate rights are adequately protected, the record should clearly indicate that the trial court advised the defendant pursuant to RALJ 2.7 of the right to appeal a conviction as well as the time and method for commencing an appeal. Where the record does not so clearly indicate and the appeal notice was untimely filed, compelling circumstances will be found to necessitate extending the appeal notice filing period so that the defendant is not unjustly deprived of the right of appeal.[7] *See Mayville.* We find such a showing of compelling circumstances here and reverse the superior court order and reinstate Braggs' RALJ appeal in the supe-

---

[6]Although Braggs apparently communicated to her substitute counsel at the sentencing hearing her desire to appeal her theft conviction, had the trial judge, in compliance with RALJ 2.7, informed Braggs of the 14–day appeal notice filing period, she might have taken additional steps to ensure a timely filing of the appeal notice. The record does not indicate why an appeal notice was not timely filed.

[7]In light of our disposition here and of Braggs' nonassertion of any alleged ineffective assistance of counsel, we do not address the question of the applicability to this case, if at all, of *Evitts v. Lucey,* ___ U.S. ___, 83 L. Ed. 2d 821, 105 S. Ct. 830, 836–37 (1985), in which the United States Supreme Court found the ineffective assistance of counsel under the Fourteenth Amendment's due process clause where the defendant's first appeal as of right had been dismissed because of his counsel's failure to file a statement of appeal as required by a court rule.

rior court.

RINGOLD and GROSSE, JJ., concur.