[No. 7208-4-II.  Division Two.  February 11, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. RICKY LEE LEWIS, *Petitioner.*

WORSWICK, C.J., concurs by separate opinion.

*Terry W. Oostenbrug* and *Crawford, McGilliard, Peterson & Yelish,* for petitioner (appointed counsel for appeal).

*C. Danny Clem, Prosecuting Attorney,* and *Anthony C. Otto, Deputy,* for respondent.

ALEXANDER, J.—Ricky Lee Lewis appeals the Superior Court's dismissal of his appeal of district court convictions for traffic offenses. This court granted discretionary review solely on the issues of: (1) whether the record shows a voluntary waiver by the defendant of his right to appeal, and (2) what effect the District Court's alleged noncompliance with RALJ 2.7 has on the defendant's right to appeal. We reverse.

On April 6, 1982, Lewis was charged in Kitsap County District Court with driving while license suspended. On April 18, 1982, Lewis was charged in the same court with reckless driving. Finally, on April 28, 1982, Lewis was charged again in Kitsap County District Court with driving while license suspended. The District Court issued an arrest

warrant for Lewis when he failed to appear in response to a summons, and the defendant was arrested on May 21, 1982. On May 24, 1982, while Lewis was still in custody and without counsel, he signed a statement of "rights and proceedings." The final paragraph of this 8–paragraph statement indicated that in order to appeal, a defendant must file a written notice of appeal in the superior court within 14 days after entry of a final decision.[1] The record is silent as to whether a judge or court commissioner of the District Court advised the defendant in open court of his right to appeal or the time and method for commencing an appeal. The docket entry for May 24, 1982, simply indicates that "[r]ights and charges explained: Pleaded not guilty."

The defendant, still without counsel, was tried and convicted of the two charges of driving while license suspended. On October 11, 1982, a district court judge fined Lewis and sentenced him to two concurrent sentences of 365 days in jail with 185 days suspended. On October 25, 1982, while the defendant was in custody,[2] the district court judge orally advised Lewis of his right to appeal. The defendant then filled out a "notice of appeal" on that same day and filed it with the District Court. That notice of

---

[1]Paragraph 8 entitled "Appeal" stated:

"If found guilty after pleading not guilty, you may appeal to the Superior Court.

"To appeal you must file a notice of appeal in the Superior Court within fourteen (14) days after the entry of final decision, and deliver a copy to the prosecuting attorney and to this Dist. Court.

"You must diligently prosecute your appeal to avoid its dismissal."

The defendant's signature appeared below the date of "5/24/82" and a statement that read, "I have read and understand my rights stated hereon." The words "Not Guilty" are also written beside the defendant's signature as well as the signature of R. A. Jandzinski, Judge. Our review of the record causes us to believe that R. A. Jandzinski is a District Court Commissioner of District One, Kitsap County.

[2]The trial judge found Lewis guilty on June 30, 1982, and continued his sentencing to August 6, 1982. He was released from custody after signing a promise to appear for sentencing. He failed to appear for his sentencing on August 6, 1982, and a warrant for his arrest was issued. The defendant was arrested and was in custody at the time of the October 11, 1982 sentencing.

appeal was transmitted to the Superior Court on October 28, 1982.[3] The notice of appeal did not include a statement of errors, as required by RALJ 2.6(a) and (c).[4]

On October 26, the same district court judge appointed counsel for Lewis and ordered that the time for filing an appeal be extended to October 27, 1982. A motion by defendant's attorney for another extension was granted on November 22, 1982, and the time for appeal was extended to December 17, 1982. The defendant did file another notice of appeal on December 17, 1982, this time in the Superior Court. The State then moved to dismiss the appeal.

On July 1, 1983, the State's motion to dismiss was granted, on the grounds that the defendant failed to comply with the RALJ 2.5(a) filing requirements. The State argues in support of that ruling that the district court judge had no jurisdiction to extend the time for filing the notice of appeal. The broad issue presented to this court is whether the Superior Court erred in dismissing the defendant's appeal.

■ A jurisdictional requirement for an appeal to superior court from a court of limited jurisdiction is that the party appealing the decision must file a notice of appeal in superior court. RALJ 2.4(a). Pursuant to RALJ 2.5(a), the appeal must be filed within 14 days from the "date of entry" of the district court's final decision. In *State v.*

---

[3]In its brief, the State concedes that the October 25 notice of appeal was filed in the Superior Court on October 28, 1982. The State does not support this statement by any citation to the record and the notice of appeal does not contain any indication that it was so filed. However, our review of the record causes us to believe that it was attached to the order of District Court Judge Stephen Alexander appointing counsel, extending the period for filing appeal, setting bail, and waiving the statutory filing period. That order was time stamped by the clerk of Kitsap County Superior Court on October 28, 1982.

[4]RALJ 2.6(a), which describes the content of the notice of appeal generally indicates that a notice of appeal "should" designate the claimed errors. That rule references RALJ 2.6(c) "Designation of Claimed Errors" which uses the language "notice of appeal *shall* include a statement of the errors . . ." (Italics ours.) *See also* RALJ 2.6(f).

*Mayville,* 36 Wn. App. 174, 672 P.2d 770 (1983), the timely filing of the notice of appeal was held to be a jurisdictional requirement that should not be extended absent a showing of "compelling or extraordinary circumstances." The District Court's final decision having been entered on October 11, 1982,[5] defendant ostensibly would have had until October 25, 1982, to initiate his appeal.

The right of appeal granted by statute[6] and court rule is meaningless, however, unless the defendant is advised of his right to appeal a conviction as well as the time and method for commencing an appeal. *Seattle v. Braggs,* 41 Wn. App. 646, 650, 705 P.2d 303 (1985). A court of limited jurisdiction must "advise the defendant of the defendant's right to appeal a final decision by filing a notice of appeal in the superior court." RALJ 2.7.

From the record we have before us, it appears that the district court judge who imposed the sentence did not orally advise the defendant of his right to appeal until October 25, 1982. Thus, Lewis's October 28 notice of appeal was timely filed because it was within 14 days of October 25. We are not unmindful of the fact that the defendant signed an advice of rights form some 5 months before he was sentenced. However, an advice of appeal rights occurring "off the record" that long before sentencing does not, in our judgment, comply with RALJ 2.7. Whether the advice of appeal rights was explained in open court we can-

---

[5]"Date of entry" is defined in RALJ 2.5(b), which reads: "If the final decision is by a writing signed by the court of limited jurisdiction, the date of entry is the date of delivery of the writing signed by the judge to the clerk for filing." Our review of the record discloses no writing signed by the judge in the nature of a judgment and sentence. The clerk's papers contains an order of commitment signed on October 11, 1982, which was the date of sentencing. The commitment order refers to the fact that the defendant was sentenced, and for purposes of the opinion we will treat this date as the "date of entry."

[6]RCW 3.02.020, which governs review of proceedings in courts of limited jurisdiction provides:

"Review of the proceedings in a court of limited jurisdiction shall be by the superior court, the procedure for which may be established by supreme court rule."

not say since we have not been furnished with a record of any such proceeding.[7] RALJ 2.7 admittedly does not specify *when* the defendant must be advised of his right to appeal.[8] However, we believe, as did the court in *Seattle v. Braggs, supra,* that in order for compliance with RALJ 2.7 to be found,

> [t]he record should *clearly* indicate that the trial court advised the defendant pursuant to RALJ 2.7 of the right to appeal a conviction as well as the time and method for commencing an appeal. Where the *record* does not so clearly indicate and the appeal notice was untimely filed, compelling circumstances will be found to necessitate extending the appeal notice filing period so that the defendant is not unjustly deprived of the right of appeal.[9]

(Italics ours.) *Seattle v. Braggs,* 41 Wn. App. at 651.

■ The record does not reveal clearly that the defendant was advised of his right to appeal prior to October 25, 1982. The notice of appeal filed by the defendant on that date and subsequently refiled in Superior Court on October 28, 1982, constitutes the timely filing of the notice of appeal within the extended filing period.[10] Although the filed

---

[7]RALJ 5.1 provides in part:
"The proceedings in a court of limited jurisdiction shall be recorded by electronic means . . ."

[8]CrR 7.2(b), the corresponding rule relating to advice of appeal rights in superior court criminal cases, indicates that the court shall advise the defendant "at the time of sentencing."

[9]The record does not indicate whether the district court judge, Stephen Alexander, found "compelling or extraordinary circumstances" when he granted two extensions to the defendant for filing his notice of appeal. However, as we have observed, such circumstances existed.

[10]Although we have found that "compelling or extraordinary circumstances" dictate an extension of the filing period in this case, we note that an alternative basis for reversing the dismissal may exist. In *Weeks v. Chief of Wash. State Patrol,* 96 Wn.2d 893, 896, 639 P.2d 732 (1982), a notice of appeal was filed within the period prescribed by rule, in that case RAP 5.2(a), but in the wrong court. The Supreme Court stated that "[a]pplying strict form would defeat the purpose of the rules to 'promote justice and facilitate the decision on the merits.'" *See* RAP 1.2(a) and corresponding RALJ 1.2(a).

notice was imperfect because it failed to state the claimed errors pursuant to RALJ 2.6(a) and (c), this is not fatal to the defendant's appeal. The only jurisdictional requirement is the filing of the notice of appeal within 14 days. RALJ 2.4(a). The superior court, under RALJ 2.6(f), "will disregard defects in the form of a notice of appeal if the notice clearly reflects an intent by a party to seek review." Further, RALJ 2.6(d) permits amending of the notice of appeal without leave of court provided it is done more than 14 days before the date scheduled for hearing of the appeal. Although the defendant did not designate his notice of appeal filed on December 17, 1982, as an amended notice, it amounted to an amendment because his October 28 notice of appeal was already on file.

The defendant has argued that because he is guaranteed a right to appeal under our state constitution, article 1, section 22, his appeal should not be dismissed unless and until the State shows a knowing and intelligent waiver of his right to appeal. *State v. Sweet,* 90 Wn.2d 282, 581 P.2d 579 (1978). Under Const. art. 1, § 22 (amend. 10) the accused in criminal prosecutions[11] has a "right to appeal in all cases". Doubts should be resolved in favor of protecting the right to appeal and courts should be slow to deprive a litigant of that right. *Goldendale v. Graves,* 88 Wn.2d 417, 424, 562 P.2d 1272 (1977).

In view of our holding that compelling or extraordinary circumstances exist which required an extension of time to the defendant for filing a notice of appeal, it is not necessary for us to consider that constitutional issue. While certainly a strong argument could be made that the State did not show a knowing and intelligent waiver of the right to appeal, the cases in which the courts have applied *Sweet* have all involved felony convictions. While Lewis was not charged with a felony, the maximum penalty is rather substantial and application of *Sweet* could perhaps be justified. However, we decline at this time to address that issue.

---

[11]The offense of driving while license suspended is punishable by a jail term up to 1 year under RCW 46.20.416.

The trial court is reversed.

PETRICH, J., concurs.

WORSWICK, C.J. (concurring)—After *State v. Sweet,* 90 Wn.2d 282, 581 P.2d 579 (1978), it is impossible for me to imagine a hard luck story that will not move a court to ignore the rules imposing requirements for perfecting appeals. *See Sweet,* 90 Wn.2d at 294 (Stafford, J., dissenting). Lewis has a better story than Sweet had. Therefore, I concur in the result.