# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 67935-0-I |
| Respondent, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| DONALD LAVERNE HAND, | ) ) | |
| Appellant. | ) ) | FILED: March 4, 2013 |

GROSSE, J. — Donald Hand appeals the trial court's revocation of his special sex offender sentencing alternative (SSOSA) sentence based on his violations of conditions prohibiting him from viewing pornography and having unsupervised contact with minors.[1] Because he filed his notice of appeal over three years from the entry of the revocation order and fails to demonstrate extraordinary circumstances justifying the delay, we dismiss the appeal.

## FACTS

On December 1, 1999, Donald Hand was found guilty by the trial court upon a stipulated trial for one count of first degree rape of a child. On December 8, 1999, the trial court sentenced him to 123 months' confinement, but under the SSOSA, the court suspended the sentence on condition that he serve six months' confinement and undergo three years of outpatient sex offender treatment. The court also imposed additional conditions, including:

> 3. Have no contact with minor children without the presence of an adult who is knowledgeable of the offense and has been approved by the supervising Community Corrections Officer. . . .
> . . . .

---

[1] RCW 9.94A.670.

6. Do not possess pornographic materials, as directed by the supervising Community Corrections Officer.

Hand was notified by the court of his right to appeal, but did not appeal the judgment and sentence.

Hand twice violated his treatment conditions that prohibited him from engaging in a sexual relationship without his therapist's approval, and on September 11, 2002, the court entered an order extending treatment "until [the] court releases him from that obligation." On August 23, 2005, Hand was arrested for a domestic violence assault, but the alleged victim failed to appear for trial and the case was dismissed.

On February 13, 2008, Hand reported to his Community Corrections Officer for a scheduled polygraph. During the polygraph, he admitted that he had been alone with a four-month-old baby while his niece took a shower and that he had also viewed a Playboy magazine. He further admitted that he still struggled with impulses toward underage girls. The treatment provider stated he was "on the fence" about revocation but also recognized there were grounds for revocation and noted Hand's history of unsatisfactory compliance.

On April 14, 2008, the court held a revocation hearing and Hand stipulated to both violations. The court revoked the SSOSA, ruling as follows:

> I'm going to follow the State's recommendation and revoke the SSOSA for the violations reported. I'm mostly troubled by the failure to disclose these things until faced with a stress of a polygraph examination as well as [the provider's] report that his adjustment to supervision and treatment has never been good over the long term.

While I recognize that [the provider] is on the fence and willing to approve continued treatment if the Court so elects, my sense is that over time, while the violations have not been as serious as I sometimes see in these cases, it seems that every time we're back with an issue of pushing the envelope of what's acceptable or unacceptable with a SSOSA sentence. And I'm sure that I had made it clear on a prior occasion that by not revoking Mr. Hand at those times that I wouldn't be willing to allow him to continue on this extraordinary sentence if there were violations in the future. And I treat these as serious violations of the SSOSA sentence.

The revocation order was entered on April 28, 2008.

Over three years later, on November 15, 2011, Hand filed a notice of appeal from that revocation. He also filed a motion for extension of time to file the notice. The State filed a response opposing that motion. A commissioner of this court passed consideration of that motion to the panel hearing the case on the merits.

## ANALYSIS

As a threshold determination, we must first consider Hand's motion to enlarge time to file his notice of appeal. It is undisputed that the notice of appeal was filed well after 30 days from entry of the revocation order as required by RAP 5.2, but Hand contends (1) that he did not knowingly waive his right to appeal because he was not notified of his right to appeal at the time the revocation was ordered, and (2) even if he did waive it by failing to comply with the filing deadline, he has demonstrated extraordinary circumstances under RAP 18.8(b) that justify an extension of time within which to file the appeal.

Hand first asserts the Washington State Constitution provides a fundamental right to appeal which cannot be waived unless done so knowingly,

3

voluntarily, and intelligently. He contends that because he was never advised of his right to appeal the revocation order, his failure to timely file a notice of appeal cannot amount to a knowing, voluntary, and intelligent waiver of that right. We disagree.

Article I, section 22 of our state constitution provides: "In criminal prosecutions the accused shall have . . . the right to appeal in all cases." Accordingly, as our courts recognize, "there is no presumption in favor of the waiver of the right to appeal. The State carries the burden of demonstrating that a convicted defendant has made a voluntary, knowing, and intelligent waiver of the right to appeal."[2] CrR 7.2 requires that the trial court advise a criminal defendant of the right to appeal the judgment and sentence at the time of sentencing.[3]

---

[2] State v. Sweet, 90 Wn.2d 282, 286, 581 P.2d 579 (1978).
[3] Specifically CrR 7.2(b) provides:
> **Procedure at Time of Sentencing.** The court shall, immediately after sentencing, advise the defendant: (1) of the right to appeal the conviction; (2) of the right to appeal a sentence outside the standard sentence range; (3) that unless a notice of appeal is filed within 30 days after the entry of the judgment or order appealed from, the right to appeal is irrevocably waived; (4) that the superior court clerk will, if requested by the defendant appearing without counsel, supply a notice of appeal form and file it upon completion by the defendant; (5) of the right, if unable to pay the costs thereof, to have counsel appointed and portions of the trial record necessary for review of assigned errors transcribed at public expense for an appeal; and (6) of the time limits on the right to collateral attack imposed by RCW 10.73.090 and .100. These proceedings shall be made a part of the record.

4

But this right to appeal afforded by the constitution applies only to criminal prosecutions.[4] "The revocation of a suspended sentence is not a criminal proceeding."[5] Accordingly, an offender facing revocation of a suspended sentence has only minimal due process rights, the same as those afforded during revocation of probation or parole.[6] Such minimal due process requires: "(a) written notice of the claimed violations; (b) disclosure to the parolee of the evidence against him; (c) the opportunity to be heard; (d) the right to confront and cross-examine witnesses (unless there is good cause for not allowing confrontation); (e) a neutral and detached hearing body; and (f) a statement by the court as to the evidence relied upon and the reasons for the revocation."[7]

CrR 7.6 reflects these due process requirements for probation revocation:

### RULE 7.6  PROBATION

(a) Probation. After conviction of an offense the defendant may be placed on probation as provided by law.

(b) Revocation of Probation. The court shall not revoke probation except after a hearing in which the defendant shall be present and apprised of the grounds on which such action is proposed. The defendant is entitled to be represented by counsel and may be released pursuant to CrR 3.2 pending such hearing. Counsel shall be appointed for a defendant financially unable to obtain counsel.

As the State notes, there is no provision in the court rules requiring advisement of the right to appeal a revocation order.

---

[4] See State ex rel. Gray v. Webster, 122 Wash. 526, 530, 211 P. 274 (1922).
[5] State v. Dahl, 139 Wn.2d 678, 683, 990 P.2d 396 (1999).
[6] Dahl, 139 Wn.2d at 683.
[7] Dahl, 139 Wn.2d at 683.

Thus, because appeal of a revocation order does not derive from the constitution, the standard for demonstrating waiver of a constitutional right does not apply as Hand contends. Rather, such appeals are governed by the Rules of Appellate Procedure (RAP), which provide a right of appeal of all final orders in adjudicative proceedings.[8] In order to initiate an appeal, the rules require that the party seeking review must file a notice of appeal within 30 days from the entry of the order.[9] RAP 18.8 provides an exception to this filing requirement and permits the Court of Appeals to grant an extension of time only in extraordinary circumstances:

> **(b) Restriction on Extension of Time.** The appellate court will only in extraordinary circumstances and to prevent a gross miscarriage of justice extend the time within which a party must file a notice of appeal, a notice for discretionary review, a motion for discretionary review of a decision of the Court of Appeals, a petition for review, or a motion for reconsideration. The appellate court will ordinarily hold that the desirability of finality of decisions outweighs the privilege of a litigant to obtain an extension of time under this section. The motion to extend time is determined by the appellate court to which the untimely notice, motion or petition is directed.

Hand contends that he has made the required showing for this court to grant an extension, relying on City of Seattle v. Braggs,[10] where the court concluded that such a showing was made because the trial court failed to advise the defendant of the right to appeal and the filing time period at the time of sentencing as required by court rules governing appeals for criminal courts of limited jurisdiction (RALJ). The court recognized that while the RALJ rules

---

[8] RAP 2.2.
[9] RAP 5.1, 5.2.
[10] 41 Wn. App. 646, 705 P.2d 303 (1985).

requiring timely filing of a notice of appeal were mandatory, these jurisdictional time requirements could be extended upon a showing of "compelling or extraordinary circumstances" and concluded that the trial court's failure to comply with the court rules established such circumstances.[11] The court noted that "the right of appeal granted by a statute and court rule is meaningless unless the defendant is properly informed in compliance with a court rule, as revealed by the record, of the right to appeal as well as the time and method for taking an appeal."[12]

But unlike here, that case did not involve an appeal of a revocation of a suspended sentence; it involved an appeal of a misdemeanor conviction where the trial court failed to advise the defendant of his right to appeal the conviction and the time period for filing the appeal at sentencing as required by court rule. Here, the trial court did comply with the court rules regarding advisement of the right to appeal. The court properly advised Hand of his right to appeal at the time of sentencing and the rules provide no further requirement that the court also advise of the right to appeal at the time of the revocation. Hand fails to demonstrate that there were extraordinary and compelling circumstances justifying his three and a half year delay in filing his appeal.

Hand also cites State v. Beer,[13] to argue that a revocation hearing is a sentencing hearing, during which he is entitled to "'a full panoply of his

---

[11] Braggs, 41 Wn. App. at 648.

[12] Braggs, 41 Wn. App. at 650 (footnote omitted).

[13] 93 Wn. App. 539, 546, 969 P.2d 506 (1999) (quoting State v. Johnson, 9 Wn. App. 766, 770, 514 P.2d 1073 (1973)).

constitutional rights.'" There, the court concluded that a probation revocation hearing is a sentencing hearing and the trial court erred by denying the defendant his right to allocution at the revocation hearing. The court rejected the State's argument that the right of allocution occurred at the time of his original sentencing and there is no additional right at a revocation hearing and adopted the reasoning in State v. Johnson:

> [E]ven though probation revocation is not a stage of criminal prosecution, when one is entitled to a full panoply of his constitutional rights, a revocation hearing may result in a loss of conditional liberty, and due process standards must be met. At the hearing, the probationer must have an opportunity to be heard and to show, if he can, that he did not violate the conditions; or if he did, that circumstances in mitigation suggest the violation warrants action other than revocation.[14]

But Beer and Johnson are not inconsistent with the authority cited above recognizing that a defendant does not have the same due process rights at a revocation hearing as during a criminal prosecution and sentencing. In fact, they reiterate that revocation is *not* a stage of criminal prosecution in which a defendant is entitled to the full panoply of constitutional rights. Rather, these cases simply stand for the proposition that allocution—which is the right to be heard—is one of those minimal due process rights that apply at a revocation hearing.

Because Hand failed to comply with the time filing requirements for seeking review of the revocation of his SSOSA and fails to show that there were

---

[14] 9 Wn. App. 766, 770, 514 P.2d 1073 (1973) (citations omitted).

8

extraordinary circumstances justifying an extension of this time, we deny his motion to enlarge time for filing a notice of appeal and dismiss the appeal.

WE CONCUR: