

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THEODORE BERNSTEIN, | ) | No. 76544-2-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| JOHN URQUHART, | ) | |
| KING COUNTY SHERIFF, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: April 23, 2018 |
| | ) | |

MANN, A.C.J. — Over two years after the King County Sheriff's Office (KCSO) classified Theodore Bernstein a level II sex offender, he filed a petition for writ of review before the King County Superior Court. Bernstein appeals the superior court's decision dismissing his petition as untimely. Because statutory writs must be filed within "a reasonable time," and the analogous statutory rule creates a time limit of 30 days, we affirm.

## FACTS

Bernstein was convicted of two counts of possession of depictions of a minor engaged in sexually explicit conduct, a class C felony. Bernstein was sentenced to 14 months of confinement and released from the King County Correctional Facility on May 12, 2013.

Just prior to his release, the End of Sentencing Review Committee (ESRC), recommended that Bernstein be classified as a level I sex offender. On May 1, 2013, KCSO Detective Jessica Santos was assigned to supervise Bernstein and assign him a risk level as a registered sex offender. After reviewing Bernstein's risk assessment, the ESRC recommendation, progress reports from his sex offender treatment, and communicating with people familiar with Bernstein's risk to the community, Detective Santos recommended Bernstein be classified as a level II Registered Sex Offender at moderate risk of sexual reoffense. The decision to classify Bernstein as a level II sex offender was finalized by KCSO on January 17, 2014. KCSO executed a community notification process shortly thereafter. Bernstein learned that he was classified as a level II sex offender on March 24, 2014.

On July 8, 2016, Bernstein filed a petition for writ of review in King County Superior Court seeking to challenge his sex offender classification. Bernstein served the KCSO on August 15, 2016. On August 17, 2016, the superior court issued a writ of review directing KCSO to certify the record and assigned Bernstein's case for consideration on the merits. The writ of review left issues of timeliness and service of process to the assigned judge.

On August 22, 2016, before the certified record was filed, Bernstein filed motions "to disclose to Plaintiff all information and records within agencies possession regarding Plaintiff." KCSO objected to the motion. KCSO argued the motion was unnecessary because they were already in the process of gathering the record for purposes of review, and argued further discovery was improper because review under RCW

7.16.070 is based on the record the agency used to reach its decision. The superior court denied Bernstein's motion on September 2, 2016.

KCSO filed a certified copy of the record on October 28, 2016, and supplemented the record on November 16, 2016. Bernstein was also permitted to supplement the record with any evidence he believed to be pertinent.

The hearing on the writ occurred on January 13, 2017. KCSO argued that Bernstein's challenge should be denied due to its untimeliness. After considering briefing and hearing argument, the superior court dismissed Bernstein's petition on the grounds that it was untimely. The court issued written findings of fact and conclusions of law dismissing the writ action on February 3, 2017. Bernstein appeals.

ANALYSIS

*Timeliness of Petition for Writ of Review*

The primary issue in this case is whether the superior court erred in denying Bernstein's writ of review as untimely. When review of a quasi-judicial administrative action is invoked by statutory writ of certiorari, the appellate court looks to the standards of review implicit in the certiorari statute, RCW 7.16.120. Hilltop Terrace Homeowner's Ass'n v. Island County, 126 Wn.2d 22, 29, 891 P.2d 29 (1995). We review questions of law de novo and we review questions of fact based on "[w]hether the factual determinations were supported by substantial evidence." RCW 7.16.120(3), (5); Hilltop, 126 Wn.2d at 29. We review a superior court's order granting or denying a statutory writ of review de novo. Dep't of Labor & Indus. of State v. Bd. of Indus. Ins. Appeals of State, 186 Wn. App. 240, 244, 347 P.3d 63 (2015).

Under RCW 9A.44.130(1)(a), any person who has been convicted of a sex offense must "register with the county sheriff for the county of the person's residence." Under RCW 4.24.550(6)(a), the sheriff's office "shall assign a risk level classification to all offenders." In assigning this classification, the sheriff's office is to consider

> (i) Any available risk level classifications provided by the department of corrections, the department of social and health services, and the indeterminate sentence review board; (ii) the agency's own application of a sex offender risk assessment tool; and (iii) other information and aggravating or mitigating factors known to the agency and deemed rationally related to the risk posed by the offender to the community at large.

RCW 4.24.550(6)(a). An offender is to be classified at risk level I if "he or she is at a low risk to sexually reoffend;" risk level II if "he or she is at a moderate risk to sexually reoffend;" or risk level III if "he or she is at a high risk to sexually reoffend." RCW 4.24.550(6)(b).

The statute further states, "[a]gencies may develop a process to allow an offender to petition for review of the offender's assigned risk level classification. The timing, frequency, and process for review are at the sole discretion of the agency." RCW 4.24.550(6)(d). At the time Bernstein's risk assessment was determined, no such review process had been developed. Therefore, Bernstein pursued review under the writ statute, chapter 7.16 RCW.

On review of agency actions, superior courts have the power to issue constitutional or statutory writs of certiorari. CONST. art. IV, § 6; chapter 7.16 RCW. Bernstein does not clearly determine which writ he sought at trial or on appeal.

A statutory writ of certiorari is mandated where a petitioner shows that: "(1) an inferior tribunal or officer (2) exercising judicial functions (3) exceeded its jurisdiction or

acted illegally, and (4) there is no other avenue of review or adequate remedy at law." Malted Mousse, Inc. v. Steinmetz, 150 Wn.2d 518, 533, 79 P.3d 1154 (2003), as corrected on denial of reconsideration (Mar. 11, 2004); Clark County Pub. Util. Dist. No. 1 v. Wilkinson, 139 Wn.2d 840, 845, 991 P.2d 1161 (2000).

By contrast, the constitutional writ of certiorari embodied in article IV, section 6 of the Washington Constitution is available in somewhat narrower circumstances. Clark County, 139 Wn.2d at 845. "The fundamental purpose of the constitutional writ of certiorari is to enable a court of review to determine whether the proceedings below were within the lower tribunal's jurisdiction and authority." Saldin Sec., Inc. v. Snohomish County, 134 Wn.2d 288, 292, 949 P.2d 370 (1998). This form of review lies entirely within the trial court's discretion, and "will not issue if another avenue of review, such as a statutory writ or direct appeal, is available." Malted Mousse, 150 Wn.2d at 533 (citing Saldin, 134 Wn.2d at 293).

In this case, we hold a statutory writ was available. Bernstein is challenging an inferior tribunal or officer, the sheriff's office, the sheriff's officer was exercising a quasi-judicial function, see In re Det. of Enright, 131 Wn. App. 706, 716, 128 P.3d 1266 (2006),[1] and RCW 4.24.550 does not provide any mechanism for review of the sheriff's office assigned risk level classification.[2]

---

[1] In determining whether the agency was exercising a judicial function, the court looks to four elements:

> (1) whether the court could have been charged with the duty at issue in the first instance; (2) whether the courts have historically performed such duties; (3) whether the action of the municipal corporation involves application of existing law to past or present facts for the purpose of declaring or enforcing liability rather than a response to changing conditions through the enactment of a new general law of prospective application; and (4) whether the action more clearly resembles the ordinary business of courts, as opposed to those of legislators or administrators.

Because we determine a statutory writ was available in this case, we move on to whether Bernstein's writ was untimely. As both parties acknowledge, chapter 7.16 RCW does not indicate a specific time limitation under which writs must be filed. However, the Washington Supreme Court has held that a petition for a writ of certiorari must be filed within a "reasonable time." Clark County, 139 Wn.2d at 847; Akada v. Park 12-01 Corp., 103 Wn.2d 717, 718-19, 695 P.2d 994 (1985) ("we have long held that a writ of certiorari should be applied for within a reasonable time after the act complained of has been done"). "A reasonable time within which to apply for a statutory writ is the analogous statutory or rule time period." Clark County, 139 Wn.2d at 847. The most analogous statutory rule is the Rules of Appellate Procedure.

"The sex offender registration and disclosure statutes are essentially procedural statutes; no liberty interest arises from them." In re Pers. Restraint of Meyer, 142 Wn.2d 608, 619, 16 P.3d 563 (2001). "In the absence of such a liberty interest, no due process rights attach to the classification of the risk such individuals present on their release from confinement." Meyer, 142 Wn.2d at 623. In State v. Hand, 173 Wn. App. 903, 907-08, 295 P.3d 828 (2013), aff'd, 177 Wn.2d 1015, 308 P.3d 588 (2013), this court held an appeal of the revocation of a suspended sentence is governed by the

---

Raynes v. City of Leavenworth, 118 Wn.2d 237, 244-45, 821 P.2d 1204 (1992) (quoting Standow v. Spokane, 88 Wn.2d 624, 630, 564 P.2d 1145). In Enright, Division Three of this court held that the act of classifying a sex offender is a quasi-judicial function because "[t]he determination of a sex offender's risk to reoffend is historically assigned to the sentencing court, and involved here the application of statutory guidelines to the past and present facts. See, e.g., RCW 71.09.060(1)." Enright, 131 Wn. App. at 716. We agree. See also RCW 9.94A.670.

[2] Our Supreme Court acknowledged this lack of review, in In re Pers. Restraint of Meyer, 142 Wn.2d 608, 624, 16 P.3d 563 (2001), in which the court "express[ed] a certain discomfort with the seeming unfairness of a process of classification in which the offenders have little involvement." The court explained, however, "such offenders are not without avenues of relief . . . These individuals may secure judicial review by writ of certiorari for arbitrary or capricious classification. RCW 7.16.040; CONST. art. IV, § 4, § 6." Meyer, 142 Wn.2d at 624.

Rules of Appellate Procedure, "which provide a right of appeal of all final orders in adjudicative proceedings." Hand, 173 Wn. App. at 908; RAP 2.2. This is because "an offender facing revocation of a suspended sentence has only minimal due process rights, the same as those afforded during revocation of probation or parole." An appeal of an offender's final classification is directly analogous to a court's decision on probation or parole, and is likewise governed by the Rules of Appellate Procedure.

Under the appellate rules, the party seeking review must file a notice of appeal within 30 days from the entry of the order. RAP 5.1, 5.2. An extension of time may be granted, but only in extraordinary circumstances. RAP 18.8. In this case, the trial court considered the length of time between the agency action, over 2 years, and the excuses provided by Bernstein to explain his delay in seeking the writ. The trial court considered Bernstein's excuse that he did not pursue an appeal because he was afraid of retaliation, then held it was not credible and was unsupported by any evidence on the record.

Bernstein argues essentially that because statutory writs do not have a set time limit, the trial court erred in ruling his writ was untimely. Bernstein relies on New Cingular Wireless PCS, LLC v. City of Clyde Hill, 185 Wn.2d 594, 604-05, 374 P.3d 151 (2016). Bernstein's reliance on New Cingular is misplaced. In New Cingular, New Cingular Wireless challenged the legality of a municipal fine in King County Superior Court by filing an action for declaratory judgment, and asked the court to invalidate the notice of violation. New Cingular, 185 Wn.2d at 597-98. The court held an action for declaratory judgment was proper because the "writ of review statute does not limit itself to being the exclusive remedy for contesting a city fine. In fact, it does the opposite by

-7-

holding itself out as the remedy of last resort. RCW 7.16.040." New Cingular, 185 Wn.2d at 604-05. Although the court acknowledges that the writ statute "fails to specify a time limit for appeal," the court did not overrule past precedent that assumes an implied time limit on appeal of agency decisions. Until our precedents are specifically overruled, they remain good law. Saleemi v. Doctor's Associates, Inc., 176 Wn.2d 368, 379, 292 P.3d 108 (2013).

Because Bernstein failed to demonstrate extraordinary and compelling circumstances justifying his two-year delay in filing this motion, we affirm the superior court's dismissal of his writ.

*Denial of Discovery Motion*

Bernstein next argues that the superior court erred in denying his motion to compel discovery. It is within the superior court's discretion to deny a motion to compel discovery and we will not disrupt the ruling absent an abuse of discretion. Lake Chelan Shores Homeowners Ass'n v. St. Paul Fire & Marine Ins. Co., 176 Wn. App. 168, 183, 313 P.3d 408 (2013). A court abuses its discretion when it bases its decision on unreasonable or untenable grounds. Brand v. Dep't of Labor & Indus., 139 Wn.2d 659, 665, 989 P.2d 1111 (1999). "Under a writ of review, a municipality or agency must return a complete record concerning the challenged action. When the petition involves allegations of procedural irregularities or appearance of fairness, or raises constitutional questions, the court may consider evidence outside the record." Responsible Urban Growth Grp. v. City of Kent, 123 Wn.2d 376, 384, 868 P.2d 861 (1994).

In this case, Bernstein moved to compel disclosure of evidence before KCSO filed the certified record. Because the evidence Bernstein sought was likely to have

been included in the certified record, we hold the superior court did not abuse its discretion when denying Bernstein's discovery motion.

*Written Findings and Conclusions*

Finally, relying on <u>Andrew v. King County</u>, 21 Wn. App. 566, 586 P.2d 509 (1978), Bernstein argues the superior court exceeded its authority in issuing findings of fact and conclusions of law. In <u>Andrew</u>, this court held the superior court exceeded its proper scope of review when it substituted its own judgment for that of the fact finder. <u>Andrew</u> is inapplicable here.

In this case, the superior court did not weigh the evidence then substitute its judgment for KCSO. The court did not even consider the issues contained within the writ on the merits. The findings and conclusions in this case were in support of the trial court's legal conclusion denying the writ as untimely. This is not a finding that must be reserved for the lower authority. Moreover, even if this were a decision on the merits, while "the trial court need not enter findings of fact or conclusions of law. . . . If the trial court nonetheless enters findings and conclusions, they are treated as mere surplusage by the appellate court." <u>Concerned Land Owners of Union Hill v. King County</u>, 64 Wn. App. 768, 772-73, 827 P.2d 1017 (1992).

We affirm.[3]

_____ Mann, A.C.J.

WE CONCUR:

_____ Trickey, J          _____ Schindler, J

---

[3] Bernstein also argues that the trial court erred by not considering all of the briefing before rendering its decision. Bernstein points to one occurrence at trial when the court was unable to follow Bernstein's line of argument. However, this is not evidence that the trial court failed to consider Bernstein's pleadings. The evidence on the record is that the trial court considered all of the pleadings and evidence.