# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| CITY OF VANCOUVER, | No.  58214-7-II |
| Respondent, | |
| v. | |
| MICHAEL JOSHUA MOSELEY, | UNPUBLISHED OPINION |
| Petitioner. | |

LEE, J. — Michael J. Moseley appeals the superior court's order denying a motion to extend time and dismissing his RALJ appeal.  Below, Moseley filed a late notice of appeal after pleading guilty in district court to one count of fourth degree assault (domestic violence), two counts of violating a domestic violence protection order, and one count of harassment (domestic violence). Mosely argues that the superior court erred by finding that Moseley knowingly, intelligently, and voluntarily waived his right to appeal.  We affirm the superior court's order denying Moseley's motion to extend time and dismissing his RALJ appeal.

## FACTS

Moseley was arrested after an altercation with his girlfriend.  Based on this incident and several others, the City of Vancouver charged Moseley by amended information with two counts of fourth degree assault (domestic violence), two counts of violating a domestic violence protection order, one count of harassment (domestic violence), and one count of third degree malicious mischief (domestic violence).  Moseley eventually pleaded guilty in district court to one

count of fourth degree assault (domestic violence), two counts of violating a domestic violence protection order, and one count of harassment (domestic violence).

Moseley's statement of defendant on plea of guilty included preprinted statements. The preprinted statements provided that Moseley understood he was giving up "[t]he right to appeal a finding of guilt after a trial" and that he understood his "right to appeal is limited" by pleading guilty. Clerk's Papers (CP) at 119. The last paragraph of the statement of defendant on plea of guilty read, "My lawyer has explained to me, and we have fully discussed, or I have read, all of the above paragraphs. I understand them all. I have been given a copy of this *Statement of Defendant on Plea of Guilty*. I have no further questions to ask the judge." CP at 126.

The statement of defendant on plea of guilty did not contain Moseley's signature, but it stated that Moseley "acknowledged/signed via Zoom" because he was in custody. CP at 126. Moseley's attorney signed the statement of defendant on plea of guilty immediately below a statement acknowledging that the attorney "read and discussed this statement with the defendant and believe that the defendant is competent and fully understands the statement." CP at 126. The commissioner also signed the statement of defendant on plea of guilty immediately below the statement: "I find the defendant's plea of guilty to be knowingly, intelligently, and voluntarily made. The defendant understands the charges and the consequences of the plea." CP at 126.

Due to a technical issue, there is no transcript or recording of Moseley's sentencing hearing.

Moseley's judgment and sentence contained a line stating, "I have read the rights, conditions and warnings" just above the signature blocks for Mosely and the judicial officer. CP at 112 (boldface and underlining omitted). The judgment and sentence did not contain any

2

additional information about the rights, conditions, or warnings provided. Moseley also did not sign the judgment and sentence, but at the end of the judgment and sentence, there was a box checked next to the statement, "Acknowledged by Defendant via telephonic or video hearing." CP at 112 (italics omitted). The judgment and sentence was entered on July 8, 2022.

On March 16, 2023, Moseley filed a notice of appeal to superior court for the judgment and sentence entered eight months earlier in July 2022. Moseley also moved to extend the time to file the notice of appeal under RALJ 10.3(c). Moseley asserted that he "did not know that he had the right to appeal his sentence and he was not advised of that by his attorney or anyone else" at the sentencing hearing. CP at 161. Moseley stated that he "only recently became aware of his right to appeal his sentence" after speaking to an attorney in a different case. CP at 161. In support of his motion, Mosely filed a declaration asserting that nobody before his current attorney had told him about his right to appeal:

> Nowhere during my plea or sentencing hearing was I advised of my right to appeal by my district court attorney or by the court. Nowhere in the plea or sentencing paperwork was I advised that I had the right to appeal the sentence in this case. I was not informed of the right to appeal until my current attorney . . . advised me of this right. I would have asked to appeal my judgment and sentence if I had known of my right to appeal.

CP at 167-68.

The City opposed Moseley's motion for extension of time and moved to dismiss his appeal. The City argued that the preprinted statements in the statement of defendant on plea of guilty and the commissioner's attestation in the judgment and sentence showed that Moseley was informed of his right to appeal at sentencing.

3

No. 58214-7-II

The superior court denied Moseley's motion to extend time and granted the City's motion to dismiss Moseley's RALJ appeal.

Moseley sought discretionary review of the superior court's order dismissing his RALJ appeal, and we granted review.

ANALYSIS

Moseley argues that he was never advised of his right to appeal and that he did not knowingly, intelligently, and voluntarily waive his right to appeal. Specifically, Moseley argues that "there is not sufficient evidence to indicate that Mr. Moseley was actually advised of the phrase in the guilty plea statement that he had a 'limited' right of appeal," or what those limits were. Br. of Appellant at 10. Moseley contends that the City cannot make an affirmative showing that Moseley understood and chose not to exercise his right to appeal. And Moseley asserts that he exercised due diligence in pursuing his appeal once he was advised of his right to appeal his sentence by counsel for a different case.

The City responds that Moseley does not meet the standard for extending the time to file a notice of appeal under RALJ 10.3(c)(1). The City argues that the record shows Moseley was advised of his right to appeal through the statement of defendant on plea of guilty and the judgment and sentence. Accordingly, the City contends that "there has been no miscarriage of justice that would warrant an extension of the deadline to file a notice of appeal under RALJ 10.3(c)(1)." Br. of Resp't at 10.

4

A.      LEGAL PRINCIPLES

The Washington State Constitution guarantees criminal defendants "the right to appeal in all cases." WASH. CONST. art. I, § 22 (amend. 10). And the rules governing courts of limited jurisdiction require district courts to issue certain advisements to criminal defendants:

> The court shall, immediately after sentencing, advise the defendant: (1) of the right to appeal the conviction pursuant to the RALJ or CrRLJ 9.1; (2) that unless a notice of appeal is filed in the court of limited jurisdiction within 30 days after the entry of the judgment and sentence or order appealed from, the right to appeal is waived; (3) that the notice of appeal must be served on all other parties; (4) that the court clerk will, if requested by the defendant appearing without a lawyer, supply a notice of appeal form; (5) of the defendant's right to a lawyer on appeal, and, if unable to pay the costs thereof, to have a lawyer appointed and portions of the trial record necessary for review prepared at public expense for an appeal; and (6) of the time limits on the right to collateral attack imposed by RCW 10.73.090 and .100. If this advisement follows a guilty plea, the court shall advise the defendant that the right to appeal is limited. *These proceedings shall be made a part of the record*.

CrRLJ 7.2(b) (emphasis added).

RALJ 2.5(a) requires a notice of appeal to be filed within 30 days of the entry of the district court decision that a party is appealing. But a superior court may enlarge the time to file a notice of appeal if doing so will serve the ends of justice. RALJ 10.3(a). And "[t]he superior court will extend the time within which a party must file a notice of appeal only in extraordinary circumstances and to prevent a gross miscarriage of justice." RALJ 10.3(c)(1). "The superior court will ordinarily hold that the desirability of finality of decisions outweighs the privilege of a litigant to obtain an extension of time under this section." RALJ 10.3(c)(1).

When a district court fails to inform a defendant of their right to appeal a conviction, that is an extraordinary circumstance that will justify granting a motion to extend time under RALJ 10.3. *City of Seattle v. Braggs*, 41 Wn. App. 646, 650-51, 705 P.2d 303 (1985); s*ee also State v.*

5

*Lewis*, 42 Wn. App. 789, 794-95, 715 P.2d 137 (1986) (holding that a defendant who was informed of his right to appeal by the district court on the day the right expired and filed his notice of appeal three days later, was timely because he appealed within 14 days of learning of his right to appeal).

And "there can be no presumption in favor of the waiver of the right to appeal in a criminal case." *State v. Tomal*, 133 Wn.2d 985, 989, 948 P.2d 833 (1997). "The State carries the burden of demonstrating that a convicted defendant has made a voluntary, knowing, and intelligent waiver of the right to appeal." *State v. Sweet*, 90 Wn.2d 282, 286, 581 P.2d 579 (1978) (emphasis omitted). "It follows that we do not embrace an inadvertent waiver without notice." *City of Seattle v. Klein*, 161 Wn.2d 554, 560, 166 P.3d 1149 (2007).

For the State to "affirmatively prove[]" a defendant waived their right to appeal, the State must show that the defendant understood that they had the "'right to appeal and chose not to exercise it.'" *Id.* at 561; *State v. Cater*, 186 Wn. App. 384, 392, 345 P.3d 843 (2015) (quoting *State v. Kells*, 134 Wn.2d 309, 315, 949 P.2d 818 (1998)). Specifically, it is possible to "establish a valid waiver only when the appellant has been *informed* of the consequences of [their] conduct," such as by a trial judge giving the defendant notice "that absence or failure to comply with procedures may constitute a waiver of the appeal." *Klein*, 161 Wn.2d at 561.

In *Kells*, a juvenile court commissioner declined juvenile jurisdiction, sending Kells to adult court, where he eventually pleaded guilty to second degree murder. 134 Wn.2d at 311-12. Kells signed a plea form acknowledging that he was waiving various rights by pleading guilty, "including the right to appeal a determination of guilt after trial." *Id*. at 312. The court did not inform Kells that he could appeal the declination order. *Id*. Kells appealed the declination order 15 months after his sentencing. *Id*. In support of the late notice of appeal, Kells' attorney

explained that they were originally unaware that a defendant could appeal a declination order after a guilty plea until the attorney discovered a case informing them of that fact. *Id*. Division Three dismissed the notice of appeal as untimely. *Id*. Our Supreme Court reversed, holding that the State had failed to carry its burden to "make some affirmative showing the Defendant understood his right to appeal and chose not to exercise it." *Id.* at 315.

In contrast, in *Cater*, the defendant pleaded guilty to first degree arson in exchange for a deferred sentence in 1979 and did not file a notice of appeal until 2013, when the State sought to prosecute him as a persistent offender due to later offenses. 186 Wn. App. at 387, 390. The 1979 statement of defendant on plea of guilty informed Cater that "he was giving up the right to appeal 'from any finding of guilty and the sentence on that finding of guilty.'" *Id*. at 396. Cater signed the form in open court in the presence of his attorney, and the trial court accepted the plea as knowing, intelligent, and voluntary. *Id*. at 387.

Division One acknowledged that the statement on Cater's statement on plea of guilty form was "potentially misleading." *Id*. at 396. However, "where, as here, a defendant completes a plea statement and 'admits to reading, understanding, and signing it, this creates a strong presumption that the plea is voluntary.'" *Id.* (quoting *State v. Smith*, 134 Wn.2d 849, 852, 953 P.2d 810 (1998)). Further, Cater did not "assert that he was unaware of the limited right to appeal following a guilty plea or that if he had been aware of the limited right to appeal, he would have directed his attorney to file an appeal," nor did he "claim that his attorney misadvised him about the limited right to appeal following a guilty plea or that his attorney's performance was deficient in any manner." *Id*. at 395. Division One denied Cater's motion to enlarge time to file his notice of appeal based on the "unique circumstances, including the presumption of a voluntary plea, the exceptionally

favorable plea agreement, the unexplained 34-year delay in filing a notice of appeal, and Cater's complete failure to assert any facts suggesting he was unaware of his limited right to appeal." *Id*. at 397.

B.     MOSELEY WAIVED HIS RIGHT TO APPEAL

Here, the statement of defendant on plea of guilty stated that Moseley was giving up "[t]he right to appeal a finding of guilt after a trial" and that his "right to appeal [was] limited" by pleading guilty. CP at 119. The statement of defendant on plea of guilty also stated, "My lawyer has explained to me, and we have fully discussed, or I have read, all of the above paragraphs. I understand them all. I have been given a copy of this *Statement of Defendant on Plea of Guilty*. I have no further questions to ask the judge." CP at 126. And the judgment and sentence stated that the commissioner had read Moseley his "rights, conditions and warnings." CP at 112 (boldface and underlining omitted). Moseley acknowledged both documents.

We hold that the statement of defendant on plea of guilty and judgment and sentence are affirmative proof that Moseley understood that he had the right to appeal and chose not to exercise it. *Klein*, 161 Wn.2d at 561. The statement of defendant on plea of guilty indicated that Moseley had discussed the limit on his right to appeal with his attorney, and Moseley's attorney affirmatively acknowledged that he had "read and discussed" the plea form with Moseley and believed that Moseley "fully underst[ood] the [guilty plea] statement." CP at 126. The commissioner further acknowledged that Moseley "underst[ood] the charges and the consequences of the plea" and found Moseley's guilty plea "to be knowingly, intelligently, and voluntarily made." CP at 126. Moseley's acknowledgment of the statements in both the statement of defendant on plea of guilty and the judgment and sentence sufficed to inform Moseley that he had

8

No. 58214-7-II

a right to appeal, though limited. Moseley waived his right to appeal by not timely filing a notice of appeal.

Because the State has shown that Moseley was informed of his right to appeal at sentencing, extraordinary circumstances do not exist that merit granting a motion to extend time under RALJ 10.3(c)(1). *Braggs*, 41 Wn. App. at 650-51. Accordingly, the superior court did not err in denying Moseley's motion to extend time and dismissing his RALJ appeal.

CONCLUSION

We affirm the superior court's order denying Moseley's motion to extend time and dismissing Moseley's RALJ appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, P.J.

Che, J.

9